UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUAN ANTONIO MARTINEZ            :
6528 Lovingston Circle           :
Springfield, VA  22150           :
                                 :
          Plaintiff,             :
                                 :
v.                               :    Civil Action No. _____
                                 :
CENTRAL PARKING SYSTEM OF        :    (Jury Demanded)
VIRGINIA, INC.                   :
d/b/a CENTRAL PARKING SYSTEM     :
1225 I Street., N.W.             :
Washington, D.C. 20005           :
                                 :
Serve:                           :
Registered Agent                 :
Corporation Service Company      :
1090 Vermont Ave., N.W.          :
Washington, D.C. 20005           :
                                 :
          Defendant.             :

COMPLAINT

Parties

   COMES NOW the Plaintiff, Juan Antonio Martinez, through his attorney, Nils G. Peterson, and for his Complaint against the Defendant, Central Parking System of Virginia, Inc. ("Central"), alleges as follows:

   1.  Plaintiff Juan Antonio Martinez is a resident of the Commonwealth of Virginia.  Defendant employed Plaintiff in the District of Columbia.

   2.  Defendant Central is a District of Columbia corporation registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

COUNT I

FAILURE TO PAY PROPER OVERTIME

<u>Jurisdiction</u>

3.  Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA").

4.  At all times hereinafter mentioned, Defendant was engaged in the provision of parking services in the District of Columbia. The provision of such parking services directly affects interstate commerce and Defendant's employees are engaged in such interstate commerce. During the course of his employment Plaintiff affected interstate commerce by his actions.

5.  From 1985 through 2005, Defendant and its predecessor corporation employed Plaintiff as a parking attendant.

6.  Plaintiff's position was non-exempt under the FLSA.

7.  Plaintiff was required to work hours over 40 per week. During his employment Plaintiff was not paid proper overtime for the work time spent over 40 hours.

8.  On information and belief, Plaintiff worked weeks of over forty hours.

9.  Defendant and executives employed by Defendant were aware that Plaintiff regularly performed such extra work and Defendant required this extra work as a condition of continued employment.

10. Defendant condoned and benefitted from the performance of such extra work time over 40 hours per week.

11. Plaintiff was not properly compensated by Defendant for

all the hours over forty per week he worked during the period of his employment.

12. Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for all the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

13. During said time period, Plaintiff was not paid proper overtime for all hours worked in excess of 40 hours each work week, in wilful violation of §7 of the Act, 29 U.S.C. §207.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207.

### COUNT II - TERMINATION IN VIOLATION OF FLSA

15. Plaintiff restates and realleges paragraphs 1-14.

16. During the course of his employment, Plaintiff brought to the attention of Defendant the fact that he was working hours that he was not compensated for, such hours being overtime hours.

17. Plaintiff was told by the company that he would not be paid for all the hours that he worked.

18. On information and belief, Plaintiff was terminated because he told management he was unhappy about working hours he

was not compensated for and requested pay for the uncompensated overtime he was working.

19. Plaintiff was terminated in May 2005.

20. Plaintiff has suffered damages because of the retaliatory termination including lost wages.

WHEREFORE, Plaintiff prays that this Honorable Court grant him judgment against the Defendant for the amount of unpaid overtime owed Plaintiff, and prejudgment interest thereon at the lawful rate, on the basis of Defendant's wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and award Plaintiff (1) an equal amount in liquidated damages, (2) reasonable attorneys' fees and costs of suit, and (3) such other and further relief as this Court deems equitable and just. In addition, Plaintiff seeks damages sustained by Plaintiff because of his impermissible termination.

## COUNT III

### FAILURE TO PROVIDE COBRA NOTICE

21. Plaintiff restates and realleges paragraphs 1 to 20.

22. Jurisdiction over Plaintiff's claim is conferred on this Court pursuant to 29 U.S.C. 1132, 28 U.S.C. 1331, 28 U.S.C. 1343(a)(4) and 29 U.S.C. 1132.

23. Plaintiff was a participant in the health insurance plan of Central whereby Central is the plan sponsor and the plan administrator of the health insurance plan for its employees. Deductions from his pay were made to pay for medical insurance coverage for himself and his family.

24. After the termination of his employment, Plaintiff and his wife did not receive notice that they could continue coverage

of their health insurance coverage from defendant.

25. Defendant failed to provide the notice of the availability of continued health insurance coverage to plaintiff and his wife in violation of 29 U.S.C. 1166.

26. Due to the failure of Defendant to provide Plaintiff with proper notice of the availability of continuation of medical benefits coverage, Plaintiff's family lost its coverage for health care at a time when Plaintiff's wife was pregnant. This resulted in Plaintiff and his wife being denied medical care for their unborn child and themselves.

WHEREFORE, the Plaintiff requests that this Court exercise jurisdiction over his claim under ERISA (29 U.S.C. 1001 et seq.), and award:

(1) any and all equitable relief required to place plaintiff in the position he would be had Defendant provided Plaintiff and his family with information about the continuation of medical care insurance

(2) Attorney's fees and costs

(3) Such other relief as law and equity allow.

JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.

Juan Martinez
By Counsel

_____
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, #708
Arlington, VA  22201
703-527-9900