IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN ANTONIO MARTINEZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:05-CV-01830-JDB |
| ) | |
| CENTRAL PARKING SYSTEM OF ) | |
| VIRGINIA, INC. ) | |
| d/b/a CENTRAL PARKING SYSTEM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S ANSWER

Defendant, Central Parking System of Virginia, Inc., through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint. Defendant denies that it acted unlawfully and denies that Plaintiff is entitled to any of the relief requested.

### Parties

1. Answering the first sentence of paragraph 1, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the first sentence of paragraph 1. Defendant admits the second sentence of paragraph 1.

2. Answering paragraph 2, Defendant admits that it is incorporated in the District of Columbia and has done business in the District of Columbia.

## COUNT I

## FAILURE TO PAY PROPER OVERTIME

### Jurisdiction

3.   Answering paragraph 3, Defendant states that paragraph 3 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 3.

### Statement of Facts

4.   Answering the first sentence of paragraph 4, Defendant admits that, during the years 2002, 2003, 2004, and 2005 it "engaged in the provision of parking services" in the District of Columbia, to the extent it understands this allegation. Answering the second and third sentences of paragraph 4, Defendant states that these sentences allege legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations of paragraph 4.

5.   Answering paragraph 5 of the Complaint, Defendant admits that it and a prior company employed Plaintiff during the period of 1986 to 2005 and that it has employed him, at times, as a parking attendant. Except as expressly admitted, Defendant denies the allegations of paragraph 5.

6.   Answering paragraph 6, Defendant states that paragraph 6 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 6.

7.   Answering the first sentence of paragraph 7, Defendant denies the first sentence of paragraph 7 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per week and was properly compensated for such hours. Answering the second sentence of

paragraph 7, Defendant denies the second sentence of paragraph 7. Except as expressly admitted, Defendant denies the allegations of paragraph 7.

8. Answering paragraph 8, Defendant denies paragraph 8 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per work and was properly compensated for such hours. Except as expressly admitted, Defendant denies the allegations of paragraph 8.

9. Answering paragraph 9, Defendant denies paragraph 9 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per work and was properly compensated for such hours. Except as expressly admitted, Defendant denies the allegations of paragraph 9.

10. Answering paragraph 10, Defendant denies paragraph 10 as stated. On some occasions, Plaintiff may have worked in excess of 40 hours per work and was properly compensated for such hours. Except as expressly admitted, Defendant denies the allegations of paragraph 10.

11. Answering paragraph 11, Defendant denies the allegations of paragraph 11.

12. Answering paragraph 12, the allegations of paragraph 12 state legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 12. Defendant admits that it complies with the federal Fair Labor Standards Act. Except as expressly admitted, Defendant denies the allegations of paragraph 12.

13. Answering paragraph 13, Defendant denies the allegations of paragraph 13.

14. Answering the first sentence of paragraph 14, Defendant denies the allegations of the first sentence of paragraph 14. Answering the second sentence of paragraph 14, Defendant

admits that Plaintiff seeks liquidated damages, but denies that Plaintiff is entitled to liquidated damages.  Except as expressly admitted, Defendant denies the allegations of paragraph 14.

## COUNT II – TERMINATION IN VIOLATION OF FLSA

15.     Answering paragraph 15 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 14 of the Complaint.

16.     Answering paragraph 16, Defendant denies the allegations of paragraph 16.

17.     Answering paragraph 17, Defendant denies the allegations of paragraph 17.

18.     Answering paragraph 18, Defendant denies the allegations of paragraph 18.

19.     Answering paragraph 19, Defendant admits the allegations of paragraph 19

20.     Answering paragraph 20, Defendant denies the allegations of paragraph 20.

WHEREFORE Clause Following Paragraph 20.  Defendant denies that Plaintiff is entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Wherefore" clause following paragraph 20 on page 4 of the Complaint. Defendant denies the allegations of the "Wherefore" clause following paragraph 20 on page 4 of the Complaint.

## COUNT III

## FAILURE TO PROVIDE COBRA NOTICE

21.     Answering paragraph 21 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 20 of the Complaint and contained in the WHEREFORE Clause Following Paragraph 20.

22.     Answering paragraph 22, Defendant states that paragraph 22 alleges a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of paragraph 22.

23. Answering paragraph 23, Defendant admits that Plaintiff was a participant in a medical insurance plan of which Defendant is the sponsor and, previously, was the administrator. Defendant further admits that authorized deductions were made from Plaintiff's pay to pay for "family" coverage under the medical insurance plan. Except as expressly admitted, Defendant denies the allegations of paragraph 23.

24. Answering the paragraph 24, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies the allegations of paragraph 24 of the Complaint.

25. Answering paragraph 25, Defendant states that paragraph 25 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies the allegations of paragraph 25 of the Complaint. Except as expressly admitted, Defendant denies the allegations of paragraph 25.

26. Answering paragraph 26, Defendant denies the allegations of paragraph 26.

WHEREFORE Clause Following Paragraph 26. Defendant denies that Plaintiff is entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Wherefore" clause following paragraph 26 on page 5 of the Complaint. Defendant denies the allegations of the "Wherefore" clause following paragraph 26 on page 5 of the Complaint.

## JURY DEMANDED

27. Answering the separately titled Jury Demand portion of the Complaint, Plaintiff's jury demand does not require a response. To the extent a response is deemed required,

Defendant denies the allegations of the jury demand and denies that Plaintiff is entitled to a jury trial on all items of relief requested.

28.  All allegations not heretofore admitted or denied are specifically and fully denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any failure to pay wages/overtime; furthermore Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to prevent harm otherwise.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was not paid overtime to which he was entitled, Defendant did not know Plaintiff was working overtime and Defendant did not willfully fail to pay Plaintiff overtime. Further, Plaintiff's claims are barred to the extent he seeks compensation for overtime earned more than two years prior to the filing of the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's own conduct, omissions and/or negligence bars his recovery.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim against Defendant for liquidated damages is barred because Defendant acted in good faith and/or had reasonable grounds for believing that its conduct was not violative of the Fair Labor Standards Act or any other statute or other provision.

**SEVENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff was not paid overtime for hours over forty in a workweek, Plaintiff was properly compensated because, *inter alia*, such hours did not constitute compensable time.

**EIGHTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred, in whole and/or in part, by the doctrines of laches, estoppel, unclean hands, fraud and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

Any actions taken by Defendant toward Plaintiff were taken for legitimate business reasons not in violation of the FLSA.

**TENTH AFFIRMATIVE DEFENSE**

Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of the FLSA; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent

of Defendant. Defendant did not and does not authorize, condone, ratify or tolerate violation of the FLSA, but instead prohibited and prohibits it, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant made reasonable good faith efforts to comply with COBRA and its notice provisions.

Defendant specifically reserves the right to amend this Answer by adding additional affirmative defenses as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2. Plaintiff take nothing by his Complaint;

3. The Court deny Plaintiff his requested relief;

4. The Court award Defendant its costs and attorneys' fees; and

5. The Court award Defendant such further relief as it deems just and proper.

Respectfully submitted,

CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.

By: _____/s/_____
David M. Burns, Bar # 466167
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Dated: October 17, 2005                    Attorneys for Defendant

8

DC1 30154247.1