12/20/2005 08:13 FAX 2028285393          SEYFARTH SHAW LLP                    ☒002/007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN ANTONIO MARTINEZ, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-01830-JDB |
| | ) | |
| CENTRAL PARKING SYSTEM OF | ) | |
| VIRGINIA, INC. | ) | |
| d/b/a CENTRAL PARKING SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED

DEC 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**STIPULATION AND ▓▓▓▓ ORDER GOVERNING THE PROTECTION OF
DEFENDANT'S CONFIDENTIAL INFORMATION**

It is stipulated and agreed by the parties and counsel in the above referenced case and ORDERED by the Court that:

1. Any and all documents comprising, generated from, or referencing processes, operations, procedures, business methods, marketing methods, types of work, or apparatus, services, sales, purchases, clients, customers, vendors, contractors, consultants, employees (including personnel information), projects, restructurings, internal structure, and/or financial information (including budgets, and amount and source of any income, profits, losses, or expenditures) of Defendant Central Parking System of Virginia, Inc. ("Defendant") shall be deemed confidential.

2. Confidential documents shall be so designated by stamping or labeling copies of the documents with the legend "CONFIDENTIAL." Stamping or labeling the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such

12/20/2005 08:14 FAX 2028285393     SEYFARTH SHAW LLP     ⌀003/007

proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "CONFIDENTIAL MATERIAL") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. CONFIDENTIAL MATERIAL produced by a party pursuant to this Order may be disclosed or made available by any other party only to the Court, to counsel for the party (including paralegal, clerical, and secretarial staff employed by such counsel), to the party, and to the "qualified persons" designated below:

    (a) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (b) court reporter(s) employed in this action;

    (c) a witness at any deposition or other proceeding in this action;

    (d) employees or former employees of the party to the extent necessary to assist in the prosecution, defense, or settlement of this action; and

    (e) any other person to whom the parties agree in writing.

Prior to receiving any CONFIDENTIAL MATERIAL produced by another party, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A and such executed nondisclosure agreement shall be retained by counsel. In the event a bona fide dispute arises concerning compliance with this Order, counsel shall provide copies of such executed nondisclosure agreements to the other party at the request of the Court.

6. Depositions in which CONFIDENTIAL MATERIAL will be disclosed shall be taken only in the presence of qualified persons.

12/20/2005 08:14 FAX  2028285393           SEYFARTH SHAW LLP                    ☒004/007

7. To the extent that any CONFIDENTIAL MATERIAL (or any pleading, motion or memorandum referring to any portion thereof) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in accordance with Local Rule 5.1 and in an envelope marked "DOCUMENTS SUBJECT TO PROTECTIVE ORDER OF COURT DATED _____", together with a simultaneous motion to seal the materials (hereinafter the "Interim Sealing Motion"). Even if the filing party believes that the materials subject to this Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided however that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 9 of this Order. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including appeals.

8. In the event that any CONFIDENTIAL MATERIAL is used in any court proceeding in this action, it shall not lose its confidential status through such use, and Plaintiff shall take all reasonable steps to maintain its confidentiality during such use.

9. This Order shall be without prejudice to the right of Plaintiff to bring before the Court by motion the question of whether any particular document or information is confidential or whether its use should be restricted. Defendant shall bear the burden of proving the confidentiality of the information or document. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

10. This Order is entered solely for purposes of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by Defendant, or of affecting the right of Defendant to assert and maintain any privilege, or of altering the confidentiality or

DC1 30157927.1

12/20/2005 08:14 FAX  2028285393          SEYFARTH SHAW LLP                    ☒005/007

nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

11. In the event the Court does not execute this Order, this agreement will be binding as a contract between the parties and their respective counsel.

DC1 30157927.1

12/20/2005 08:14 FAX 2028285393          SEYFARTH SHAW LLP                    ☒006/007

12.  This Order shall survive the termination of this action, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, Plaintiff's counsel shall assemble and return to counsel for Defendant all documents, material and deposition transcripts provided by that party designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

Respectfully Submitted:

Dated: December 22, 2005         CENTRAL PARKING SYSTEM OF VIRGINIA, INC.

By: _____
David M. Burns, Esq.
Seyfarth Shaw LLP

Attorneys for Defendant

Dated: December 22, 2005         JUAN ANTONIO MARTINEZ

By: _____
Nils G. Peterson, Esq.
Law Offices Of Nils G. Peterson

Attorney for Plaintiff

APPROVED AND SO ORDERED.

Dated: December 28, 2005         _____
THE HONORABLE JOHN D. BATES
United States District Court Judge

5

DC1 30157927.1

12/20/2005 08:15 FAX  2028285393        SEYFARTH SHAW LLP                    ☒007/007

## Attachment A

## NONDISCLOSURE AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED BY THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Juan Antonio Martinez v. Central Parking System of Virginia, Inc.</u> pending in the United States District Court for the District of Columbia, Case No. 1:05-CV-01830-JDB, and hereby agree to comply with and be bound by the terms and conditions of said Stipulated Protective Order unless and until modified by further Stipulated Protective Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____, 200__

_____
Signature

_____
Printed Name

_____
Relationship To Or Interest
In This Action

DC1 30157927.1